■ In the Matter of the Claim of ROBERT KAUFMAN, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 24, 1983, which ruled that claimant was ineligible to receive benefits because he was not totally unemployed and charged him with a recoverable overpayment of benefits. Claimant, an electrical engineer, worked for the employer Forest Electrical Corporation (Forest) for about six years until February 9, 1976, when he lost his position under nondisqualifying conditions. Claimant filed an original claim for benefits on February 10, 1976 and was paid benefits through, on or about, April 24, 1977. During this time frame, claimant repeatedly certified to the local office that he did not work in any employment

or self-employment, that he was not engaged in any activity that produced or might have produced income, and that for the previous 12 months he had not worked for a corporation of which he was an officer. However, the record reveals that sometime in 1973, claimant, while working for Forest, had formed a corporation called Essential Electric Corporation (Essential) and was its president and sole stockholder. Most of its business was conducted from claimant's home and income taxes were filed for the years 1973 through 1975. Also demonstrated by the record was the fact that claimant, from February 10, 1976 to April 24, 1977, actively worked for Essential soliciting business, bidding jobs and purchasing supplies for various projects and held the required license to conduct the corporation's business. While he claims he drew no salary, claimant received moneys for alleged expenses and was paid other moneys which he indicated were in repayment of a loan that he had made to the corporation. For some reason, not disclosed, the initial determination by the local office that claimant was ineligible was not made until late summer of 1982 and a hearing was finally held in October of that year. Then and at all stages of the proceedings, claimant has not seriously contested the finding of lack of total unemployment and willful misrepresentation, contending only that Essential was a hobby with nominal income so that he thought it of no consequence. However, claimant vigorously maintains that the board is, in effect without jurisdiction because any action to recover overpayments is barred by the Statute of Limitations. Even assuming, without conceding, that any attempt to recover the overpayment in a civil action will be thwarted by the Statute of Limitations if it is pleaded as an affirmative defense, this possible or even probable ultimate result has no effect on the board's right and duty to make such a determination. The board is an independent quasi-judicial body which has as one of its functions the review and determination of the correctness of decisions when appeals are taken to the board. The board has no part to play in the collection process and the existence of a possible affirmative defense in a completely independent civil action in no manner inhibits or impedes the board in the discharge of its responsibility. There must be a determination if the purposes of the Labor Law are to be served. An employer who has paid benefits later found to have been recoverable is entitled to a credit of the amount paid so as to properly reflect the experience rating (Labor Law, § 581). That amount then becomes chargeable to the general account (Labor Law, § 577, subd 1, par [b], cl [4]). The board had the right and duty to make the determinations and, since they are supported by substantial evidence, they should be affirmed. Decision affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Main and Casey, JJ., concur.